NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ANTWAIN JEVAR MCCLAIN, *Appellant.*

No. 1 CA-CR 22-0004
FILED 10-04-2022

---

Appeal from the Superior Court in Maricopa County
No. CR2021-118300-001
The Honorable Rosa Mroz, Judge *Deceased*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

**S W A N N**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Antwain Jevar McClain's misdemeanor convictions and sentences. Neither McClain nor his counsel identify any issues for appeal. We have reviewed the record for fundamental error. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We find none.

¶2        At a bench trial, the state presented evidence that on the evening of May 16, 2021, McClain approached another man from behind and struck him in the face with an open, ring-clad hand, causing a laceration. When uniformed police responded to the scene, McClain told an officer that he had argued with the other man. McClain cooperated as the officer handcuffed him and asked him to sit on a curb. But when told that he was under arrest, McClain refused to comply with the officer's instruction to move to a patrol car. He verbally indicated that he would not move, and then reclined and made his body dead weight. As officers waited for backup to help them transport McClain, they searched him. During the search, McClain jerked his body repeatedly, lunged his head at one officer's thigh, and tried to kick and bite another officer. McClain verbally confirmed during the interaction that he was trying to bite the officer.

¶3        The superior court denied McClain's motion for a judgment of acquittal. The court found McClain guilty of misdemeanor assault under A.R.S. § 13-1203(A)(1) and misdemeanor resisting arrest under A.R.S. § 13-2508(A)(1), and sentenced him to concurrent jail terms equal to his twenty-two days of presentence incarceration.

¶4        We detect no fundamental error. The state presented eyewitness testimony that McClain struck and injured another person, and body camera footage confirmed the police officers' testimony that as they arrested McClain for the assault, he attempted to use physical force against them. That evidence was sufficient to support McClain's convictions under

A.R.S. §§ 13-1203(A)(1) and -2508(A)(1). McClain waived a presentence report and elected not to speak at sentencing. The court stated on the record the evidence and factors it relied on in imposing McClain's sentence, and it imposed legal jail terms under §§ 13-1203(B), -2508(B), and -707(A)(1).

**¶5** We affirm. After the filing of this decision, defense counsel's obligations pertaining to McClain's representation in this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Defense counsel must only inform McClain of the outcome of this appeal and his future options, unless counsel's review discloses an issue appropriate for submission to the Arizona Supreme Court by petition for review. *Id.* McClain has 30 days from the date of this decision to proceed with a petition for review. Ariz. R. Crim. P. ("Rule") 31.21(b)(2)(A). On this court's own motion, McClain has 30 days from the date of this decision to file a motion for reconsideration. *See* Rule 31.20(c). A timely motion for reconsideration will extend the deadline to file a petition for review. *See* Rule 31.21(b)(2)(A).

